**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MILAD ISHAK SHAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-00726-CB |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | Chief Judge Cathy Bissoon |
| HEALTH AND HUMAN SERVICES-OIG, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

### I.    MEMORANDUM

For the reasons that follow, Defendants' Motion to Dismiss (Doc. 8) (the "Motion to

Dismiss") will be granted, and all counts of Plaintiff's Amended Complaint (Doc. 7) (the "FAC")

dismissed with prejudice.  Plaintiff's Motion Requesting Entry of a Scheduling Order and/or

Status Conference (Doc. 18) will be denied as moot.

### A.  Factual and Procedural Background

In October 2019, the undersigned presided over an eight-day jury trial in Criminal Case

Docket No. 2:18-260 (the "Criminal Docket").[1]  Plaintiff was the defendant tried in that case.

FAC at 6.  And the jury returned guilty verdicts against him on nine counts of unlawful

---

[1] See Criminal Docket, Doc. 94 (Clerk's Memorandum) at 3.  As discussed more fully in
Section I.C, *infra*, Plaintiff extensively and explicitly relied in the FAC upon public records that
were filed and remain available on the Criminal Docket in the FAC.  Accordingly, the Court has
considered public documents on the Criminal Docket that are integral to and explicitly relied
upon in the FAC but not attached as exhibits.  See In re Burlington Coat Factory Sec. Litig., 114
F.3d 1410, 1426 (3d Cir. 1997); see also Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007)
("We have no difficulty concluding that the District Court properly considered the challenged
documents," which were a trial court order and transcript of a preliminary hearing from the
criminal proceedings that gave rise to the plaintiff's constitutional claims).

distribution of a Schedule II controlled substance as well as five counts of unlawful distribution of a Schedule IV controlled substance.[2]  The Court entered judgment against Plaintiff on February 7, 2020, pronouncing a sentence that included 41 months of incarceration followed by three years of supervised release.[3]

Plaintiff appealed his conviction and sentence set forth in the February 7 judgment, but the United States Court of Appeals for the Third Circuit affirmed both.[4]  In doing so, the Third Circuit characterized Plaintiff's criminal behavior as follows:

> Dr. Milad Shaker operated Shaker Urgent Care, a medical facility in Pennsylvania. One of his patients was TS, a woman who sought treatment from Shaker for migraines.  Shaker prescribed her highly addictive opioids to treat her pain.  He also began a sexual relationship with her, while unnecessarily prescribing her large quantities of the habit-forming drugs.  Shaker then leveraged TS's addition to those drugs to continue the sexual relationship. . . .  He continued the prescriptions even when contacted by another doctor, who had performed surgery on TS, informing him that TS was doing well, feeling little pain[] and didn't feel that she needed medication any longer.  Drug addicted and with a broken marriage, TS eventually left home and ended up living in a crack house.

United States v. Shaker, 827 F. App'x 204, 205-06 (3d Cir. 2020).[5]

Having failed to overturn the Court's February 7 judgment on direct appeal, Plaintiff then challenged his conviction by filing a pro se petition pursuant to 28 U.S.C. § 2255 on February 23, 2021.[6]  The undersigned denied in part Plaintiff's § 2255 petition and dismissed all remaining claims in the petition as procedurally defaulted to the extent they were not denied.[7]

---

[2] Criminal Docket, Doc. 97 (Jury Verdict).
[3] Criminal Docket, Doc. 135 (Judgment) at 3, 4.
[4] Criminal Docket, Doc. 141 (United States Court of Appeals for the Third Circuit Judgment) at 2.
[5] The Third Circuit's opinion affirming Plaintiff's conviction on direct appeal was publicly filed on the Criminal Docket at Document 141-1.
[6] Criminal Docket, Doc. 150 (Motion to Vacate Under 28 U.S.C. § 2255).
[7] Criminal Docket, Doc. 175 (Memorandum Order) at 1, 6.

2

The Third Circuit summarily denied Plaintiff's request for issuance of a certificate of appealability, holding that Plaintiff's § 2255 claims "are without arguable merit."[8]

In addition to the 41-month custodial sentence imposed by the Court, Plaintiff's conviction for unlawful distribution of controlled substances visited serious professional consequences upon his ability to practice as a licensed physician in Pennsylvania.  See FAC at 1, 8.  As relevant to the present dispute, based on Plaintiff's conviction, the Office of the Inspector General ("OIG") of the United States Department of Health and Human Services ("HHS") issued a notice excluding Plaintiff from participation in all federal healthcare programs for seven years pursuant to 42 U.S.C. § 1320a-7.  Id. at 1; Comp. Ex. A (Doc. 1) at 9.[9]  HHS did so because the Social Security Act "mandates" exclusion of individuals convicted "of a criminal offense consisting of a felony relating to the unlawful manufacture, distribution, prescription[] or dispensing of a controlled substance."  Comp. Ex. A at 5 (quoting 42 U.S.C. § 1320a-7(a)(4)).  As permitted by 42 C.F.R. § 1005.2(a), Plaintiff requested a hearing concerning OIG's notice of exclusion before an administrative law judge, who ultimately affirmed the OIG exclusion decision.  Id. at 6, 9-10.  Undeterred, Plaintiff appealed the administrative law judge's affirmance to the HHS Department Appeals Board pursuant to 42 C.F.R. § 1005.21(a).  Id. at 6, 10.  On April 28, 2025, in a 16-page opinion, the Department Appeals Board affirmed the administrative law judge's decision as well as Plaintiff's exclusion from participation in all federal health care

---

[8] Criminal Docket, Doc. 179 (Order) at 2.

[9] The Court notes that, despite Plaintiff failing to attach Exhibits A and B to the FAC, documents labeled as such were attached to Plaintiff's initially-filed Complaint (Doc. 1) and are referenced in the FAC as if re-attached.  See, e.g., FAC at 7.  As noted above, because Plaintiff explicitly relied in the FAC upon these documents publicly available on the docket for this action, the Court may consider them.  Burlington Coat, 114 F.3d at 1426.  The pagination for the Complaint and its exhibits used in this Memorandum refers to the page numbers utilized in the ECF heading banner for Document 1.

programs for a minimum of seven years.  Id. at 20-22.  The Department Appeals Board also denied Plaintiff's subsequent request for reconsideration.  Comp. Ex. B (Doc. 1) at 23-25.

Plaintiff initiated the instant action by filing the Complaint in this Court on May 28, 2025, seeking judicial review of the Department Appeals Board's exclusion decision pursuant to the Administrative Procedures Act and 42 U.S.C. § 1320a-7(a).  Comp. at 3.[10]  Plaintiff amended his complaint on July 2, 2025, adding claims for declaratory judgment (Count II), Fifth and First Amendment violations (Counts III and IV), equitable relief (Count V), and damages (Count VI).  FAC at 7-10.  Defendants timely moved under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) to dismiss all counts.

**B.  Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The Court's subject matter jurisdiction is constrained both by Article III of the Constitution and Congress's statutory limitations upon the cases and controversies that the Court may resolve.  See Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 26 (2025).  Before turning to Defendants' Rule 12(b)(6) arguments, the Court first will determine whether it has jurisdiction to do so.[11]  See Soc'y Hill Towers Owners' Ass'n v. Rendell, 210 F.3d 168, 175 (3d Cir. 2000).

---

[10] Plaintiff's request for judicial review is now Count I in the FAC.  FAC at 8.

[11] Plaintiff mischaracterized the procedural posture of this case by asserting that "[o]n May 30[,] 2025, this Court invoked 28 U.S.C. § 1331 and placed this matter on a standard Federal Rules of Civil Procedure track."  Opp. (Doc. 13) at 1 (emphasis omitted).  The Court did not mention, let alone rule upon, any basis for jurisdiction its May 30, 2025 Order (Doc. 3).  Regardless, "an objection to subject matter jurisdiction may be raised at any time."  Grp. Against Smog & Pollution, Inc. v. Shenango, Inc., 810 F.3d 116, 122 n.6 (3d Cir. 2016) (citing Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434-35 (2011)).  The Rule 12(b)(1) component of Defendant's Motion to Dismiss is, therefore, now properly before the Court.

Here, Plaintiff identified three possible statutory bases for the Court's subject matter jurisdiction:  the APA, 28 U.S.C. § 1331 (i.e., federal question jurisdiction) and 42 U.S.C. § 405(g).  FAC at 2.  Defendants claim that the APA and § 1331 cannot confer jurisdiction over Counts II through VI of the FAC because of the so-called "channeling" function of Congress's statutory scheme for judicial review of HHS exclusion decisions.  Defs.' Mem. (Doc. 9) at 9-11.

Defendants' argument constitutes a "facial attack" on the Court's jurisdiction. See Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc., 694 F.3d 340, 347 (3d Cir. 2012). Accordingly, the "[C]ourt[] must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  Id. (quoting Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)).  Yet Plaintiff still "carries the burden of convincing [the Court] that Congress has not barred federal courts from exercising subject matter jurisdiction over this suit."  Id.; see also Walthour v. City of Phila., 852 F. App'x 637, 638 (3d Cir. 2021) ("[Plaintiff's] pro se submissions must be construed liberally, but he still bears the burden of demonstrating subject matter jurisdiction" (internal citation omitted)).

      i.    *Neither the APA nor § 1331 Confer Jurisdiction Over Plaintiff's Claims.*

Plaintiff's contention that the APA confers jurisdiction over the claims in the FAC is a nonstarter.  "Although it waives sovereign immunity, and provides several causes of action, the [APA] includes no independent grant of subject matter jurisdiction."  Temple Univ. Hosp., Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs., 2 F.4th 121, 132 (3d Cir. 2021) (internal citations omitted).

There also is no basis for federal question jurisdiction over Plaintiff's claims pursuant to § 1331.  Section 1320a-7(f), which governs HHS' exclusion of individuals from participation in Medicare and state health programs, incorporates the provisions of 42 U.S.C. § 405(g) and

§ 405(h).[12]  The incorporated § 405(h) states:

> No findings of fact or decision of the [Secretary of HHS] shall be reviewed by any person, tribunal[] or governmental agency except as herein provided.  No action against the United States, the [Secretary] or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).[13]

The final sentence of § 405(h), made applicable to § 1320a-7 by its subsection (f)(3), provides that § 405(g), to the exclusion of § 1331, is the sole avenue for judicial review for all "claim[s] arising under" § 1320a-7.  Cf. Heckler v. Ringer, 466 U.S. 602, 614-15 (1984) (holding the same for § 405(h)'s applicability in Medicare appeals governed by 42 U.S.C. § 1395ii, which incorporates § 405(h) using language not materially distinguishable from § 1320a-7). Section 405(h) thereby "demands the 'channeling' of virtually all legal attacks through" the Secretary to "assur[e] the [Secretary] greater opportunity to apply, interpret[] or revise polices, regulations[] or statutes without possibly premature interference by different individual courts . . . ."  Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000).

For the purposes of § 405(h), a claim "arises under" § 1320a-7—and therefore cannot invoke § 1331 as a basis for jurisdiction—when it is "inextricably intertwined" with an individual's exclusion via § 1320a-7.  Nichole Med., 694 F.3d at 348 (citing Ill. Council, 529 U.S. at 12).  The Third Circuit has understood "inextricably intertwined" to include claims that

---

[12] Section 1320a-7(f) provides, in relevant part, that
(1) . . . [A]ny individual or entity that is excluded . . . from participation under this section is entitled to . . . judicial review of the Secretary's final decision. . . . as is provided in section 405(g) of this title . . . .  (3) The provisions of section 405(h) of this title shall apply with respect to this section . . . to the same extent as it is applicable with respect to [Federal Old-Age, Survivors and Disability Insurance Benefits] . . . .
[13] Per § 1320a-7(f)(3), references to the Commissioner of Social Security in § 405(h) have been substituted with references to the Secretary of HHS.

"do[] not involve issues separate from the party's claim that it is entitled to benefits" as well as claims that "are not completely separate from [Plaintiff's] substantive claim to benefits." Id. (citing Cathedral Rock of N. Coll. v. Shalala, 223 F.3d 354, 363 (6th Cir. 2000)); see also Weinberger v. Salfi, 422 U.S. 749, 760-61 (1975) (construing the "claim arising under" language broadly to include claims arising under the Constitution for which "both the standing and the substantive basis for the presentation" is the Social Security Act).

Plaintiff's claims, here, are all "inextricably intertwined" with his assertion that he is entitled to participate in federal health care programs—precluding § 1331 as basis for jurisdiction over them.  In fact, Plaintiff's claims amount to nothing more than a repackaging of his grievance that HHS made a mistake in his individual case by excluding him pursuant to § 1320a-7.[14] "[M]erely reiterating the same arguments but calling them constitutional violations," as Plaintiff does in the FAC, is not enough to avoid § 405(h)'s channeling function and accompanying unavailability of § 1331 jurisdiction.  Tucker v. Sec. of Health & Hum. Servs., 588 F. App'x 110, 114 (3d Cir. 2014); see also Taransky v. Sec. of Health & Hum. Servs., 760 F.3d 307, 321 (3d Cir. 2014) (rejecting "artful attempt to rephrase" the Plaintiff's primary argument as constitutional claim to avoid § 405(h)); Friedman v. Leavitt, No. 1:08-cv-00586, 2008 WL 11389031, at *5 (D.D.C. Dec. 6, 2008) (granting a Rule 12(b)(1) motion to dismiss purportedly constitutional challenges to a § 1320a-7 exclusion because "although dressed up in constitutional

---

[14] See FAC at 8-9 (seeking in Count II a declaratory judgment "that the exclusion is void *ab initio* due to the jurisdictional and procedural nullity of the underlying criminal proceeding," and that "[n]o lawful basis existed for the exclusion" because "the predicate conviction was dismissed and no final judgment was entered"); id. at 9 (claiming for Count III that "imposing and affirming a federal exclusion" in this case was a Fifth Amendment violation), id. (claiming impairment of First Amendment rights because the exclusion was "unlawful" for Count IV); id. at 9-10 (seeking "equitable relief" in Count V that amounts to unwinding HHS' exclusion, e.g., "reinstatement of eligibility for federal healthcare programs," "correction of all exclusion databases"); id. (seeking damages in Count VI for collateral consequences of Plaintiff's "unlawful exclusion").

language" the claims "are simply claims for reinstatement that 'allege[e] mere deviation from the applicable regulations in [a] particular administrative proceeding.'" (quoting <u>Bowen v. City of N.Y.</u>, 476 U.S. 467, 484-85 (1986))).  Because the Court cannot circumvent Congress's judgment that § 405(g) is the proper, and only, jurisdictional basis for judicial review of an HHS exclusion decision, the FAC claims that are reliant on § 1331 jurisdiction—namely, Counts II through VI of the FAC—must be dismissed for want of jurisdiction.

Plaintiff's argument that the Supreme Court's decision in <u>Axon Enterprise, Inc. v. Federal Trade Commission</u>, 598 U.S. 175 (2023), allows him to circumvent § 405(h)'s jurisdictional limitations is unavailing.  <u>Axon</u> applied three factors previously identified in <u>Thunder Basin Coal Co. v. Reich</u>, 510 U.S. 200 (1994) that ask: "First, could precluding district court jurisdiction 'foreclose all meaningful judicial review' of the claim?  Next, is the claim 'wholly collateral to [the] statute's review provisions'?  And last, is the claim 'outside the agency's expertise'?" <u>Axon</u>, 598 U.S. at 186 (internal citations omitted); <u>accord</u> <u>Thunder Basin</u>, 510 U.S. at 212-13. "When the answer to all three questions is yes" the Court "presume[s] that Congress does not intend to limit jurisdiction." <u>Id.</u>  But the answer to each of the <u>Thunder Basin</u> factors as applied here is a resounding ***no***, foreclosing jurisdiction over Plaintiff's claims beyond § 405 review.

For the first <u>Thunder Basin</u> factor, through Plaintiff's direct appeal of his conviction and § 2255 collateral attack, there has already been extensive judicial review of Plaintiff's criminal conviction underlying the HHS exclusion.  If that were not enough judicial review, the Court also may still review Plaintiff's principal contention—that HHS wrongly excluded him—within the confines of § 405(g).

For the second <u>Thunder Basin</u> factor, as discussed above Plaintiff's claims are not "wholly collateral" to the HHS exclusion notice but, rather, "inextricably intertwined" as arising from and contingent upon the exclusion's propriety.  Unlike the Plaintiff in <u>Axon</u>, Plaintiff here

8

cannot allege that he would have the same claims had he, counterfactually, *won* in the proceedings before HHS.  See id. at 191.

Third and finally, Congress explicitly has assigned to HHS the evaluation of whether an individual should be excluded from federal healthcare program participation due to a prior conviction.  See 42 U.S.C. § 1320a-7(a) ("The *Secretary* shall exclude . . . [a]ny individual or entity that has been convicted . . . of a criminal offense consisting of a felony relating to the unlawful manufacture, distribution, prescription[] or dispensing of a controlled substance." (emphasis added)).  And, the Court has no reason to doubt the HHS Secretary's expertise in making those individual exclusion determinations as Congress has directed.

Because Congress his divested this Court of jurisdiction over claims "arising under" § 1320a-7 except as set forth in § 405(g), further leave to amend the Plaintiff's § 1331 claims challenging his exclusion would be futile.  See, e.g., Hammonds v. Templeton, No. 2:14-cv-00514, 2015 WL 106618, at *2 (W.D. Pa. Jan. 7, 2015) (dismissing pro se complaint with prejudice where jurisdiction could not be alleged for 42 U.S.C. § 1983 claims).  Accordingly, Counts II through VI will be dismissed with prejudice.[15]

  *ii.*  *The Court May Exercise Jurisdiction Over Count I of the FAC.*

Unlike Counts II through VI, Count I properly seeks § 405 judicial review of the HHS exclusion decision.  Section 405(g)[16] allows judicial review of exclusion decisions upon "(1) a

---

[15] Because Counts II through VI are dismissed on jurisdictional grounds, the Court will not reach Defendants' Rule 12(b)(6) arguments concerning those counts.  See Defs.' Mem. at 11-13.

[16] Section 405(g) states, in relevant part, that
[a]ny individual, after any final decision of the [Secretary] made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . .  The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying[] or reversing the decision of the [Secretary], with or without remanding the cause for a rehearing.

final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of a notice of such decision . . . ; and (3) filing of the action in an appropriate district court . . . ." Salfi, 422 U.S. at 763-64.  The Departmental Appeals Board decision incorporated as Exhibit A to the FAC confirms that § 405(g)'s first requirement has been met.  See Comp. Ex. A. at 21.  This action was also filed less than 60 days after the Department Appeals Board decision was mailed, and Plaintiff has adequately alleged that the Western District of Pennsylvania is the appropriate district court for his § 405(g) claim to be brought.  The Court, therefore, concludes that it may exercise jurisdiction over Count I of the FAC to the extent it seeks judicial review pursuant to § 405(g).

**C.  Count I of the FAC Fails to State a Claim**

When considering a Rule 12(b)(6) motion, the Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 211 (quoting Iqbal, 556 U.S. at 679).  Where the plaintiff is proceeding pro se, as here, the Court must construe the complaint liberally in its Rule 12(b)(6) analysis.  Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

In addition to factual allegations in the pleadings, the Court may consider certain public records "include[ing] criminal case dispositions such as convictions or mistrials" at the motion to dismiss stage.  See Pension Benefit Gaur. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1197 (3d Cir. 1993) (citing Collins v. Cnty. of Kendall, Ill., 807 F.2d 95, 99 n.6 (7th Cir. 1986)).  The Court may also consider "document[s] *integral to or explicitly relied* upon in the complaint" without converting a motion to dismiss into a motion for summary judgment through the

10

procedure in Rule 12(d).  Burlington Coat, 114 F.3d at 1426 (emphasis in original) (quoting

Shaw v. Digit. Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).

The central premise of Plaintiff's claim that he has been improperly excluded is that

public documents on the Criminal Docket show that he was never convicted.  FAC at 8 (citing

FAC Ex. C (Doc. 7-1)).  Therefore, according to Plaintiff, HHS improperly based its exclusion

"on a criminal case that was dismissed with prejudice prior to sentencing, with no valid

conviction ever entered."  Id.  Notwithstanding the public-docket documents' central role in

Plaintiff's bold assertion that he was never convicted, Plaintiff did not attach to the FAC any of

the documents he purports to interpret to reach his conclusion that the jury's verdict against him

was vacated.  Instead, he attached Exhibit C, which presents a "chronological analysis of every

docket entry in the federal criminal case against Milad Shaker" alongside legal argument that

those documents show vacatur.  FAC Ex. C at 41; see also Opp. at 2 ("Exhibit C is incorporated

into the pleadings and is dispositive of the threshold jurisdictional and constitutional questions"

concerning the status of Plaintiff's conviction).[17]  Because Plaintiff did not attach the documents

summarized in Exhibit C to the FAC, but explicitly purports to interpret those public documents

to claim that he had not been convicted, the Court may properly consider the unattached but

relied-upon public documents from the Criminal Docket.  See Reginella Constr. Co., Ltd. v.

Travelers Cas. & Sur. Co. of Am., 568 F. App'x 174, 177 n.5 (3d Cir. 2014) ("Otherwise, a

plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to

attach a dispositive document on which it relied." (quoting Pension Benefit, 998 F.2d at 1196)).

Having considered the public documents cited in the footnotes to Section I.A, *supra*, it is

clear that Plaintiff has interpreted those documents to say things that they do not.  Contrary to

---

[17] The pagination for Exhibit C to the FAC used in this Memorandum refers to the page
numbers utilized in the ECF heading banner for Document 7-1.

Plaintiff's conclusory legal claims about their content and significance, the public documents on the Criminal Docket conclusively and unambiguously show that Plaintiff was convicted of 14 felony counts of unlawful distribution of controlled substances.  The prosecution's "motion on February 7, 2020 . . . to dismiss the case with prejudice," FAC at 6, simply does not exist on the Criminal Docket.  Plaintiff also is wrong to interpret the Criminal Docket to indicate that "no judgment was ever entered,"  FAC at 7; the Court entered judgment against him at Document 135.  Plaintiff may wish to interpret the Third Circuit's decision on his direct appeal as "affirm[ing] the District Court's dismissal and issu[ing] its mandate without modification," FAC at 7, but the Court is not required to overlook the Third Circuit's unambiguous affirmation of Plaintiff's conviction at Criminal Docket Document 141-1, in which the Third Circuit concluded that "[h]e is wrong on all counts."  In short:  the Court need not, and does not, adopt Plaintiff's conclusory, counterfactual legal interpretations of unambiguous documents publicly filed on the Criminal Docket.  See Riley v. Muhammad, No. 2:14-cv-00547, 2016 WL 2848994, at *6 n.4 (W.D. Pa. Apr. 4, 2016) ("[U]nder the 12(b)(6) standard, a 'court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001))); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (4th ed. 2025) ("[A] court will not accept conclusory allegations concerning the legal effect of the events the plaintiff has set out if these allegations do not reasonably follow from the pleader's description of what happened . . . .").[18]

Having taken judicial notice of Plaintiff's conviction (and, having overseen the trial and post-trial activities in this matter), the Court cannot find that Count I, which is premised

---

[18]     The Court has considered Plaintiffs remaining arguments and finds them to be unavailing.

exclusively upon the absence of that conviction, states a plausible claim for relief. Amendment would be futile. Accordingly, Count I will be dismissed with prejudice.

## II.    ORDER

For the above reasons, Defendants' Motion to Dismiss (Doc. 8) is **GRANTED** and all counts of Plaintiff's First Amended Complaint (Doc. 7) are **DISMISSED** with prejudice. Plaintiff's Motion Requesting Entry of a Scheduling Order and/or Status Conference (Doc. 18) is **DENIED** as moot.

IT IS SO ORDERED.

March 26, 2026                                        s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     Chief United States District Judge

cc (via First-Class U.S. Mail):

>    Milad Ishak Shaker
>    211 E. Otterman Street
>    #3
>    Greensburg, PA 15601

cc (via ECF email notification):

>    All Counsel of Record

13